IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY E. BROWN, #36505            *
            Plaintiff,
v.                                   *   CIVIL ACTION NO. RWT-14-722

WARDEN                               *
            Defendant.
                              *****

**MEMORANDUM OPINION**

Plaintiff is a detainee housed at the Central Booking & Intake Facility ("CBIF") who on March 10, 2014, filed a letter with the Court complaining that he is having difficulty with the delivery of outgoing mail to family and friends. (ECF No. 1). On March 21, 2014, the Court issued an Order which construed the letter as a self-represented 42 U.S.C. § 1983 civil rights action and ordered Plaintiff to supplement his Complaint[1] and to remit the filing fee or move to proceed in forma pauperis. (ECF No. 2).

On April 9, 2014, Plaintiff filed a Supplemental Complaint and indigency motion. (ECF Nos. 3 & 4). Although his in forma pauperis application shall be granted, Plaintiff's Complaint shall be summarily dismissed without prejudice.

In his Supplemental Complaint, Plaintiff renews his claim that on February 25, 2014, he started writing friends and family at least twice a week. He states that on March 2, 2014, he spoke with a friend on the telephone who informed him that no one had heard from him since his arrest on February 17, 2014. (ECF No. 3). Plaintiff further avers that a letter he mailed to his sister on

---

[1] Brown was directed to supplement his allegations to: name all proper party defendant(s) and discuss in detail their involvement in his claims; set out all constitutional claims and injuries he suffered in particularized factual detail; and tell the Court what relief he seeks.

March 14, 2014, was not received until on or about March 20, 2014.  He seeks damages for "mental anguish."  (ECF No. 3).

Plaintiff's allegations fail to state a constitutional claim.  Plaintiff does not complain that his legal mail was delayed so as to implicate his right of access to the courts.  Further, even if this were so, such a claim would be actionable only when the detainee is able to demonstrate actual injury from such deprivation.[2]  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  At most, Plaintiff is claiming that his outgoing personal mail to friends and family has been checked or, at a minimum, delayed for a brief period of time while he is housed at CBIF.  While the Court understands the importance of a detainee's need to have access to the outside world, Plaintiff has failed to demonstrate injury from the alleged delays in the receipt of his outgoing mail over the one-month period in question.  The Complaint shall be dismissed without prejudice.  A separate order follows.


Date: April 28, 2014                                                   /s/
                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE

---

[2]     Indeed, Plaintiff has posted several outgoing letters received by this Court.